Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/09/2021 08:11 AM CDT

Lillie Brown, appellee, v. Bernard
Morello, appellant.

___ N.W.2d ___

Filed April 16, 2021.    No. S-20-514.

1. **Summary Judgment.** Summary judgment is proper when the pleadings and the evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

2. **Rules of Evidence.** In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by these rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility.

3. **Judges: Evidence: Appeal and Error.** The exercise of judicial discretion is implicit in determining the relevance of evidence, and an appellate court will not reverse a trial court's decision regarding relevance absent an abuse of discretion.

4. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

5. **Rules of Evidence: Hearsay: Appeal and Error.** Apart from rulings under the residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection or exclude evidence on hearsay grounds.

6. **Adverse Possession: Proof: Time.** A party claiming title through adverse possession must prove by a preponderance of the evidence that the adverse possessor has been in (1) actual, (2) continuous, (3) exclusive, (4) notorious, and (5) adverse possession under a claim of ownership for a statutory period of 10 years.

7. **Adverse Possession: Notice.** To be effective against the true owner, acts of dominion over land allegedly adversely possessed must be so open,

notorious, and hostile as to put an ordinarily prudent person on notice of the fact that the lands are in the adverse possession of another.

8. **Adverse Possession.** If an occupier's physical actions on the land constitute visible and conspicuous evidence of possession and use of the land, such will generally be sufficient to establish that possession was notorious.

9. ____. Where both parties have used the property in dispute, there can be no exclusive possession by one party.

10. ____. The law does not require that adverse possession be evidenced by complete enclosure and 24-hour use of the property. It is sufficient if the land is used continuously for the purposes to which it may be adapted.

11. **Hearsay: Words and Phrases.** A "statement," for purposes of hearsay, is treated as assertion based, which is to say that a statement is a person's oral or written assertion or nonverbal conduct of a person, if it is intended by him or her as an assertion.

12. **Trial: Words and Phrases.** The word "speculation" is defined as the practice or an instance of theorizing about matters over which there is no certain knowledge. To "speculate" is to form opinions about something without having the necessary information or facts or to make guesses.

13. ____: ____. Objecting to "speculation" is another way of objecting to either lack of personal knowledge or expressing an opinion.

Appeal from the District Court for Douglas County: W. Russell Bowie III, Judge. Affirmed.

Andrew T. Schlosser, of Fitzgerald, Schorr, Barmettler & Brennan, P.C., L.L.O., for appellant.

Catherine Mahern, Christopher A. Mihalo, and Sydney Pontius-Maynes, Senior Certified Law Student, of Milton R. Abrahams Legal Clinic, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

Lillie Brown filed a quiet title action against Bernard Morello for adverse possession of a small parcel of land adjacent to the parcel upon which her home stands. Morello filed

a counterclaim. Brown's motion for summary judgment was granted. Morello appeals. We affirm.

## BACKGROUND

Brown and her late ex-husband purchased the residential property located at 2934 Nicholas Street in Omaha, Nebraska, in October 1972. After the couple's divorce, the property was quitclaimed to Brown. Brown has lived in the home since 1972; her son currently resides with her.

Bernard Morello purchased 2936 Nicholas Street in Omaha, Nebraska, at a tax foreclosure sale in 1995. This property is a small strip of land measuring approximately 20.7 feet wide by 130 feet long and adjoins both Brown's property and North 30th Street. The strip is too small to build any dwelling upon.

In an affidavit in support of her motion for summary judgment, Brown averred that until recently, she was under the belief that she owned the strip of land and that she paid property taxes on it. Brown averred that there have never been buildings or other markers on this strip of land in the time she has owned her home and that along with the help of her son and grandson, she has mowed the lawn and cleared the sidewalk adjoining the parcel during the entire time she has lived in her home. Brown also averred that more than 10 years ago, she constructed a retaining wall along the western edge of the property, which runs the length of the property along North 30th Street. Brown averred she recently learned that she had not paid the taxes on the land and that the strip was not part of her parcel of land, but was instead a separate parcel of land.

After learning that she did not own the parcel, Brown filed her motion to quiet title. Morello counterclaimed, alleging trespass and seeking removal of the retaining wall and compensatory damages. Brown then filed a motion for summary judgment.

Morello filed an affidavit in opposition to summary judgment, in which he averred that he lived in Texas and retained

an agent for purposes of inspecting and maintaining his properties in Omaha, including the property located at 2936 Nicholas Street. Morello averred in paragraph 5 that

> [a]t no time was it ever reported or brought to my attention by my local agent that any actions had been taken or were occurring with respect to the subject property that would have put me on notice of [Brown's] open and notorious use of the subject property. My agent is familiar with my properties and would have reported any event or circumstance that endangered or damaged the property.

Brown objected to this paragraph on the basis of hearsay and relevance. The district court excluded paragraph 5, but did not identify the grounds for sustaining the objections.

Morello further averred in paragraph 6 of his affidavit:

> I believed that the retaining wall, which is directly adjacent to the City of Omaha's sidewalk, is located on City property, and was constructed by the City of Omaha. I also based this belief on the fact that I never received any notice of a City permit being issued to construct the retaining wall.

Brown objected to this statement on the grounds of speculation and relevance. The district court also sustained this objection without identifying the precise grounds for doing so.

Finally, in paragraph 7, Morello averred that he could "find no record of a City permit ever being issued for the construction of the retaining wall on the subject property." Brown objected to this averment on the basis of relevance, but that objection was implicitly denied.

Following a hearing, the district court granted Brown's motion for summary judgment, quieted title in Brown's favor, and dismissed Morello's counterclaim.

## ASSIGNMENTS OF ERROR

Morello assigns, restated, that the district court erred in (1) granting Brown's motion for summary judgment, (2) excluding paragraph 5 of Morello's affidavit on the grounds of hearsay

and relevance, and (3) excluding paragraph 6 of Morello's affidavit on the grounds of speculation and relevance.

## STANDARD OF REVIEW

[1] Summary judgment is proper when the pleadings and the evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[1]

[2-4] In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by these rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility.[2] The exercise of judicial discretion is implicit in determining the relevance of evidence, and an appellate court will not reverse a trial court's decision regarding relevance absent an abuse of discretion.[3] A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[4]

[5] Apart from rulings under the residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection or exclude evidence on hearsay grounds.[5]

## ANALYSIS

On appeal, Morello assigns that the district court erred in granting Brown's motion for summary judgment and finding that she had adversely possessed the parcel of land at issue.

---

[1] *Kaiser v. Allstate Indemnity Co.*, 307 Neb. 562, 949 N.W.2d 787 (2020).

[2] *Arens v. NEBCO, Inc.*, 291 Neb. 834, 870 N.W.2d 1 (2015).

[3] *Id*.

[4] *Id*.

[5] *Id.*

In connection with these contentions, Morello argues that the district court made certain evidentiary errors.

*Underlying Propositions.*

[6] Our propositions regarding adverse possession are familiar. A party claiming title through adverse possession must prove by a preponderance of the evidence that the adverse possessor has been in (1) actual, (2) continuous, (3) exclusive, (4) notorious, and (5) adverse possession under a claim of ownership for a statutory period of 10 years.[6]

[7,8] To be effective against the true owner, acts of dominion over land allegedly adversely possessed must be so open, notorious, and hostile as to put an ordinarily prudent person on notice of the fact that the lands are in the adverse possession of another.[7] If an occupier's physical actions on the land constitute visible and conspicuous evidence of possession and use of the land, such will generally be sufficient to establish that possession was notorious.[8]

[9,10] Where both parties have used the property in dispute, there can be no exclusive possession by one party.[9] But the law also does not require that adverse possession be evidenced by complete enclosure and 24-hour use of the property.[10] It is sufficient if the land is used continuously for the purposes to which it may be adapted.[11] Evidence must show the intention of the claimant to appropriate and use the property as his or her own to the exclusion of all others.[12]

---

[6] *Siedlik v. Nissen*, 303 Neb. 784, 931 N.W.2d 439 (2019).

[7] See *id.*

[8] *Id.*

[9] See, *Nye v. Fire Group Partnership*, 265 Neb. 438, 657 N.W.2d 220 (2003); *Thornburg v. Haecker*, 243 Neb. 693, 502 N.W.2d 434 (1993).

[10] *Nye v. Fire Group Partnership, supra* note 9.

[11] *Id.*

[12] *Id.*

*Evidentiary Issues.*

We turn first to Morello's arguments regarding the admissibility of paragraphs 5 and 6 of his affidavit in opposition to Brown's motion for summary judgment.

In paragraph 5, Morello averred that

[a]t no time was it ever reported or brought to my attention by my local agent that any actions had been taken or were occurring with respect to the subject property that would have put me on notice of [Brown's] open and notorious use of the subject property. My agent is familiar with my properties and would have reported any event or circumstance that endangered or damaged the property.

As noted, paragraph 5 was objected to on the basis of hearsay and relevance; in sustaining the objection, the court did not identify the grounds of inadmissibility.

[11] Neb. Rev. Stat. § 27-801(3) (Cum. Supp. 2020) defines "[h]earsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Generally, we treat a "statement" as assertion based, which is to say that a "statement is (a) [a person's] oral or written assertion or (b) nonverbal conduct of a person, if it is intended by him or her as an assertion."[13]

But here, we need not determine whether this averment amounted to hearsay. As we explain below, even if the averment was not hearsay, it did not create a material issue of fact as to Brown's claim of adverse possession.

We turn next to paragraph 6. In that paragraph, Morello stated that he "believed that the retaining wall . . . is located on City property, and was constructed by the City of Omaha." Brown objected on the basis of speculation and relevance. The district court sustained the objections but, as with paragraph 5, did not explain the basis for that decision.

---

[13] See, § 27-801(1); G. Michael Fenner, The Hearsay Rule 8 (3d ed. 2013).

[12,13] The word "speculation" is defined as "[t]he practice or an instance of theorizing about matters over which there is no certain knowledge."[14] To "speculate" is to form opinions about something without having the necessary information or facts or to make guesses.[15] Objecting to "speculation" is another way of objecting to either lack of personal knowledge or expressing an opinion.[16]

While the content of paragraph 6 might have been stated as belief, this belief was based on an assumption by Morello. Morello theorized that the city had constructed the retaining wall, apparently based on nothing more than the retaining wall's proximity to the city's sidewalk and an unsuccessful search for permits. Morello's belief that the retaining wall had been constructed by the city was not based on personal knowledge, but, rather, it was based upon an assumption made by Morello and was speculation. The district court did not err in excluding paragraph 6.

There is no merit to Morello's arguments regarding evidentiary matters.

*Grant of Summary Judgment.*

We next turn to the merits of Morello's appeal, specifically that the district court erred in granting Brown summary judgment with respect to her petition, alleging that title to 2936 Nicholas Street should be quieted in her via the doctrine of adverse possession. At issue on appeal are whether Brown's possession was exclusive and whether it was open and notorious.

The burden in an adverse possession case rests on the claimant, who must prove the elements of adverse possession by a preponderance of the evidence.[17] Here, Brown was granted

---

[14] Black's Law Dictionary 1687 (11th ed. 2019).

[15] 4 Jerry McKernan, Litigating Tort Cases § 43.11 (2003).

[16] Roger C. Park et al., Trial Objections Handbook, § 6.11 (2020).

[17] See *Siedlik v. Nissen, supra* note 6.

summary judgment and so must show that there was no issue of material fact and that she was entitled to judgment as a matter of law.[18]

Most of our adverse possession case law involves boundary disputes—either between neighbors in a residential subdivision or with respect to farmland or ranchland. For example, *Siedlik v. Nissen*[19] involved a dispute over a 6-foot strip of land along the boundary line between two developed properties. We affirmed the district court's finding in favor of the titleholders of the strip, concluding that acts of routine yard maintenance were insufficient to warn the titleholder that another was claiming or using the land for his or her own purpose.

*Poullos v. Pine Crest Homes*[20] involved a wedge-shaped section of land that abutted the boundary line between a developed property and an undeveloped property in a residential subdivision. We reversed the district court's determination that the claimants' possession of the challenged land was notorious, solely as a result of a visible sod line and the claimants' physical acts of maintaining the sod and clearing the sidewalk.

We have similar case law with respect to boundary disputes involving the boundaries between residential property and agricultural lands. In *Nye v. Fire Group Partnership*,[21] the claimants had planted grass, mowed, and maintained a 24-foot-wide strip of land abutting their property, which included erecting a snow fence in the winter and leaving the 5- to 6-foot-high fenceposts permanently in place. In addition, the record showed evidence that others were aware of the claimants' use of the property. The trial court rejected the claim of adverse possession on summary judgment.

---

[18] See *Kaiser v. Allstate Indemnity Co., supra* note 1.

[19] *Siedlik v. Nissen, supra* note 6.

[20] *Poullos v. Pine Crest Homes*, 293 Neb. 115, 876 N.W.2d 356 (2016).

[21] *Nye v. Fire Group Partnership, supra* note 9.

We reversed and found an issue of material fact as to the claimants' open and notorious use of the property, given their maintenance of the questioned strip. We also noted a material issue of fact as to whether the claimants were in exclusive use of the property where the record showed that the title-holders' use of the property was limited to using the strip of land in question to turn around, and sometimes park, farm equipment.

*Wiedeman v. James E. Simon Co., Inc.*,[22] involved a boundary dispute over a 2.57-acre tract of pastureland lying between the claimant's and titleholder's properties. We found that the claimant's actions in routinely cleaning and clearing the land in question, fencing it for pasture on a regular basis, and even hauling gravel off the land was sufficiently open and notorious so as to support the quieting of title on the basis of adverse possession.

Unlike the above cases where neighbors have disputed ownership over a strip of land adjoining both of their properties, this case involves a dispute over an entire, albeit small, parcel of land that with respect to its entire depth, adjoins Brown's property on one side and a city sidewalk on the other. The parcel was of such a character as to be indistinguishable from Brown's yard.

Here, all of the usual incidents of ownership, aside from the payment of taxes, were undertaken by Brown. The record is undisputed that the grass of 2936 Nicholas Street was mowed by Brown or members of Brown's family. The record is undisputed that the city sidewalk adjoining the lot at 2936 Nicholas Street was cleared of snow by Brown or members of Brown's family. The record is undisputed that the western edge of 2936 Nicholas Street was partially enclosed by a retaining wall constructed by Brown or on her behalf.

---

[22] *Wiedeman v. James E. Simon Co., Inc.*, 209 Neb. 189, 307 N.W.2d 105 (1981).

In her complaint to quiet title, Brown alleged all elements of adverse possession and offered evidence via affidavit to support all of those elements. Of course, we review the granting of a motion for summary judgment in a light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences.[23] An adverse possession inquiry is normally fact based, and thus, the grant of summary judgment in such an inquiry is rare.

Had this case gone to trial, this court would not be required to consider the record in a light most favorable to Morello and would not be required to give Morello the benefit of all reasonable inferences. But in a summary judgment action, we do make those considerations in Morello's favor.

Despite these advantages, when we consider the record in Morello's favor, we find no error in the grant of summary judgment and subsequent quieting of title. Morello was titleholder of the property. Though there was evidence that Morello's agent reported to Morello no activity on the property that would speak to Brown's exclusive, open, and notorious use of the property, there is also no dispute that Brown engaged in all maintenance of the entire parcel and additionally built a retaining wall along the depth of the property.

While our case law generally holds that where both parties have used the property in dispute, there can be no exclusive possession by one party,[24] there is no evidence in this record that Morello put this parcel to any use.

Our opinion today should not be understood as a departure or retreat from our recent decisions regarding adverse possession involving platted lots in a municipality; rather, it reflects the unusual failure of the record owner to present any evidence that he used the real estate for any purpose during the 10-year period.

---

[23] See *Kaiser v. Allstate Indemnity Co., supra* note 1.

[24] See, *Nye v. Fire Group Partnership, supra* note 9; *Thornburg v. Haecker, supra* note 9.

The undisputed evidence is sufficient to support the district court's conclusion on summary judgment that Brown was in exclusive, open, and notorious possession of the parcel. The district court did not err in refusing to admit paragraphs 6 and 7 of Morello's affidavit in granting summary judgment in Brown's favor and quieting title of 2936 Nicholas Street to Brown.

## CONCLUSION

The decision of the district court is affirmed.

Affirmed.