Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/15/2022 12:09 AM CDT

Brian Beckner, Special Fiduciary of the Testamentary
Trust Established Under Item Five of the Last Will
and Testament of Francis R. Urban, also known as
The Francis R. Urban Family Trust, and Janet K.
Neujahr, Personal Representative of the
Estate of Lola R. Urban, deceased,
appellees and cross-appellants, v.
Richard D. Urban, appellant
and cross-appellee.

___ N.W.2d ___

Filed January 21, 2022.    No. S-20-345.

SUPPLEMENTAL OPINION

Appeal from the District Court for Polk County: Rachel
A. Daugherty, Judge. Former opinion modified. Motion for
rehearing overruled.

George H. Moyer, of Moyer, Moyer & Lafleur, for appellant.

David J. Skalka, of Croker, Huck, Kasher, DeWitt, Anderson
& Gonderinger, L.L.C., for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
Papik, and Freudenberg, JJ.

Per Curiam.
The appellees have filed a timely motion for rehearing fol-
lowing the release of our opinion in *Beckner v. Urban*.[1] We

---

[1] *Beckner v. Urban*, 309 Neb. 677, 962 N.W.2d 497 (2021).

overrule the motion for rehearing, but modify our opinion as follows:

In the analysis section, we withdraw the last sentence in the final paragraph[2] under the subheading "(ii) *Adverse Possession*" and substitute the following:

> The remaining elements of adverse possession were also satisfied on this record. As noted, a party claiming title through adverse possession must prove by a preponderance of the evidence that the adverse possessor has been in (1) actual, (2) continuous, (3) exclusive, (4) notorious, and (5) adverse possession under a claim of ownership for a statutory period of 10 years.[3] Here, the evidence established that Richard began possessing the property adversely in 2001 when he unequivocally repudiated Lola's title by demanding the deed and communicating that he believed he had paid all sums due under the land contract. Since that time, Richard has been in actual and continuous possession of the property to the exclusion of Lola and her successors, and he held the property openly and notoriously, improving the property and using it in a manner similar to that of a true owner. Because he did so for the statutory period of 10 years, Richard met his burden of proving that he acquired title to the property by adverse possession. It was plain error for the district court to hold otherwise.
>
> In sum, Richard began adversely possessing the property in 2001 when he distinctly and unequivocally repudiated the contract. At that point, Lola arguably had the right to bring an action to recover title and possession of the property,[4] notwithstanding the fact that she had contracted away her rights to possess the property. But Lola sat on her rights and waited until 2018 to file the

---

[2] *Id.* at 693, 962 N.W.2d at 509.

[3] See *Brown v. Morello*, 308 Neb. 968, 957 N.W.2d 884 (2021).

[4] See Neb. Rev. Stat. § 25-202(1) (Reissue 2016).

instant action. Thus, by the time Lola sought ejectment in response to Richard's adverse possession, the statute of limitations for ejectment had already run, and Richard had already satisfied the elements of adverse possession. The district court thus erred in issuing an order of ejectment.

The remainder of the opinion shall remain unmodified.

FORMER OPINION MODIFIED.

MOTION FOR REHEARING OVERRULED.