Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/19/2024 09:08 AM CST

Paw K., appellee, v.
Christian G., appellant.
___ N.W.2d ___

Filed January 19, 2024.    No. S-23-195.

1. **Judgments: Appeal and Error.** When a jurisdictional question does not involve a factual dispute, the issue is a matter of law. An appellate court reviews questions of law independently of the lower court's conclusion.
2. **Rules of Evidence.** In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by these rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility.
3. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
4. **Rules of Evidence: Hearsay: Appeal and Error.** Apart from rulings under the residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection or exclude evidence on hearsay grounds.
5. **Jurisdiction.** One who invokes the power of the court on an issue other than the court's jurisdiction over one's person makes a general appearance so as to confer on the court personal jurisdiction over that person.
6. **Jurisdiction: Pleadings: Parties.** A party will be deemed to have appeared generally if, by motion or other form of application to the court, he or she seeks to bring its powers into action on any matter other than the question of jurisdiction over that party.
7. **Judgments: Appeal and Error.** An appellate court may affirm a lower court's ruling that reaches the correct result, albeit based on different reasoning.
8. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it.

9. **Affidavits.** Affidavits are ordinarily not considered competent evidence because they are not subject to cross-examination, they combine facts and conclusions, and they often omit or distort important facts.

10. ____. An affidavit is competent evidence where authorized by statute or where not objected to on proper grounds by the party against whom it is offered.

11. ____. Under Neb. Rev. Stat. § 25-1244 (Reissue 2016), an affidavit is admissible in motion practice, which includes the use of affidavits relating to preliminary, collateral, and interlocutory matters.

12. ____. A statute such as Neb. Rev. Stat. § 25-1244 (Reissue 2016) allowing an affidavit to be used upon a motion is general, and it leaves to the discretion of the trial judge whether it is appropriate to receive the affidavit into evidence.

13. **Trial: Evidence: Appeal and Error.** Because it is the proponent's responsibility to separate the admissible and inadmissible parts when offering evidence, an appellate court will ordinarily uphold a court's exclusion of an exhibit if the proponent did not properly limit its offer to the part or parts that are admissible.

Petition for further review from the Court of Appeals, Bishop, Arterburn, and Welch, Judges, on appeal thereto from the District Court for Lancaster County, Ryan S. Post, Judge. Judgment of Court of Appeals affirmed.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Courtney R. Ruwe, of Astley Putnam, P.C., L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

The district court overruled Christian G.'s motion to vacate a domestic abuse protection order, and the Nebraska Court of Appeals affirmed.[1] On further review, he challenges the appellate court's dispositions regarding personal jurisdiction

---

[1] See *Paw K. v. Christian G.*, 32 Neb. App. 317, 997 N.W.2d 84 (2023).

and an evidentiary ruling excluding an affidavit. We conclude that by filing a request for hearing, Christian made a general appearance. And because he did not offer the affidavit without its inadmissible portions, its exclusion was not reversible error. Although our reasoning differs from that of the Court of Appeals, we affirm its decision.

## BACKGROUND

### Domestic Abuse Protection Order Proceedings

Paw K. filed a petition and affidavit for a domestic abuse protection order in the district court for Lancaster County. She sought an order against Christian, the father of her child. Paw listed an address in Iowa for Christian.

The same day, the court entered an ex parte domestic abuse protection order. It provided notice to Christian that if he wished to appear and show cause why the order should not remain in effect, he needed to complete the provided "Request for Hearing" form and return it to the clerk of the district court within 10 business days. An information sheet included with the ex parte order stated that the court would schedule a hearing within 30 days after reviewing the request for a hearing.

Three days later, the court received Christian's request for hearing form. Later that day, the court entered an order which set a hearing on Monday, January 30, 2023, at 10:30 a.m. The certificate of service showed that the order was sent to Christian via U.S. mail on January 24.

On January 30, 2023, Christian did not appear for the hearing. The same day, the court entered an order affirming the protection order.

### Motion to Vacate Proceedings

Ten days later, Christian filed a motion to vacate the January 30, 2023, order. Christian stated that he was not served with the order setting the hearing date until after the

hearing had occurred. He also claimed that the district court lacked personal jurisdiction over him. He attached an affidavit to this motion. The affidavit included an exhibit purporting to be an email from the U.S. Postal Service.

During a hearing on the motion to vacate, Christian asserted that the court lacked personal jurisdiction to enter a final protection order against a nonresident respondent. The court inquired whether Christian submitted himself to the court's jurisdiction when he requested a hearing. Christian argued that no one could know whether he requested a hearing for the purpose of challenging personal jurisdiction. Paw's counsel "remind[ed]" the court that "in the parties' paternity/custody case, [Christian was] ordered to come here to Nebraska to pick up his child to bring him back to Iowa every other weekend."

During the hearing, Christian offered his own affidavit with a copy of an email attached to it. The copy of the email differed somewhat from the one attached to his earlier affidavit. Christian's affidavit stated that he did not receive the court's order for hearing until the afternoon of January 30, 2023. He averred that the attached email had been transmitted from "'USPS Informed Delivery'" to his email address at 7:24 a.m. on January 30. The email included an image of the front of an envelope from the clerk of the district court. Paw objected based on foundation and hearsay. Christian argued that the rules of evidence do not apply during a hearing on a motion to vacate. Nonetheless, the court sustained Paw's hearsay objection.

The court subsequently entered an order overruling the motion to vacate. With respect to personal jurisdiction, the court reasoned that "[t]he incidents of abuse occurred in Nebraska and were part of regular contact from [Christian] to [Paw] in Nebraska." Although the bill of exceptions of the hearing on the motion to vacate did not show a ruling on Paw's foundational objection, the order stated that the court sustained "the objections." It further stated that Christian's

argument asserting he did not receive notice of the hearing until after it occurred did not address the foundational issue with the attachment to the affidavit.

## Appeal

Christian appealed. He alleged that the district court erred in (1) denying his motion to vacate when the district court did not have personal jurisdiction over him, (2) denying his motion to vacate when he was not served with the order containing the hearing date until after the hearing had occurred, and (3) refusing to receive his affidavit.

In a published opinion,[2] the Court of Appeals affirmed. It determined that Christian "waived personal jurisdiction"[3] and that the district court properly sustained Paw's hearsay objection to Christian's affidavit. The appellate court reasoned that "Christian's affidavit was an out-of-court statement offered in evidence to prove the truth of the matter asserted, i.e., that he did not receive, or was not served, the order for hearing . . . until after the hearing had already occurred."[4] Christian filed a timely petition for further review, which we granted.

## ASSIGNMENTS OF ERROR

Christian assigns, reordered, that the Court of Appeals erred in (1) holding that Christian waived personal jurisdiction in the district court by not "'fil[ing] a motion to dismiss for lack of personal jurisdiction'" and not "'specifically stat[ing] in his request for hearing on the protection order that he was challenging personal jurisdiction'"; (2) holding that Christian forfeited the issue of personal jurisdiction on appeal by not requesting a bill of exceptions of the January 30, 2023, hearing; and (3) finding no error in the district court's sustaining Paw's hearsay objection to Christian's affidavit.

---

[2] *Id.*

[3] *Id.* at 327, 997 N.W.2d at 92.

[4] *Id*. at 331, 997 N.W.2d at 94.

## STANDARD OF REVIEW

[1] When a jurisdictional question does not involve a factual dispute, the issue is a matter of law. An appellate court reviews questions of law independently of the lower court's conclusion.[5]

[2,3] In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by these rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility.[6] A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[7]

[4] Apart from rulings under the residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection or exclude evidence on hearsay grounds.[8]

## ANALYSIS

### Personal Jurisdiction

Christian maintains that the district court lacked personal jurisdiction over him. The Court of Appeals determined that Christian waived that defense because he did not file a motion to dismiss on that ground or specifically state in his request for hearing that he was challenging personal jurisdiction. The Court of Appeals further reasoned that even if Christian did not waive the defense, he forfeited the issue by not requesting a bill of exceptions of the January 30, 2023, hearing.

---

[5] *Nimmer v. Giga Entertainment Media*, 298 Neb. 630, 905 N.W.2d 523 (2018).

[6] *Brown v. Morello*, 308 Neb. 968, 957 N.W.2d 884 (2021).

[7] *Id.*

[8] *Id.*

We assume, without deciding, that the Nebraska Court Rules of Pleading in Civil Cases apply in a general sense to a proceeding involving a domestic abuse protection order. We further assume that because no responsive pleading was required,[9] a motion asserting lack of personal jurisdiction was not required.[10]

But even with those assumptions and disregarding that Christian may have previously submitted himself to the court's jurisdiction, he filed a request for hearing and thereby made a general appearance.

[5,6] One who invokes the power of the court on an issue other than the court's jurisdiction over one's person makes a general appearance so as to confer on the court personal jurisdiction over that person.[11] A party will be deemed to have appeared generally if, by motion or other form of application to the court, he or she seeks to bring its powers into action on any matter other than the question of jurisdiction over that party.[12] Here, Christian filed a form requesting a hearing concerning the ex parte domestic abuse protection order. The form responded to notice of the general issue—the merits of Paw's petition. This was an application to the court, seeking to invoke the court's powers on a matter other than personal jurisdiction. Through this filing, Christian made a general appearance that conferred jurisdiction over him.

Christian attempts to avoid this result by arguing that he had to use the form. Nothing in our statutes or rules precluded him from endorsing the form to limit his request to one addressing only jurisdiction. He did not do so, and his rationale lacks merit.

---

[9] See, generally, Neb. Rev. Stat. § 42-925 (Cum. Supp. 2022); Neb. Ct. R. Pldg. § 6-1107.

[10] See Neb. Ct. R. Pldg. § 6-1112(b).

[11] *In re Estate of Marsh*, 307 Neb. 893, 951 N.W.2d 486 (2020).

[12] *Applied Underwriters v. Oceanside Laundry*, 300 Neb. 333, 912 N.W.2d 912 (2018).

[7] The courts below concluded that the district court had personal jurisdiction over Christian, and we agree. Although our reasoning differs from that of the Court of Appeals, it reached the correct result. An appellate court may affirm a lower court's ruling that reaches the correct result, albeit based on different reasoning.[13]

[8] Because we have determined that the district court acquired personal jurisdiction over Christian, we need not address his assignment regarding the Court of Appeals' alternative forfeiture reasoning. An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it.[14]

### Hearsay Objection

Christian argues that the Court of Appeals erred in finding that the district court properly sustained Paw's hearsay objection to Christian's affidavit. The Court of Appeals determined that Christian's affidavit was hearsay because it constituted an out-of-court statement offered to prove that Christian was not served the order for hearing until after the hearing had occurred.

We start with the extreme positions advocated by the parties. On one side, Christian asserted in his appellate brief that "an affidavit . . . is *always* admissible in support of a motion."[15] He backs away slightly from this absolutist view in his petition for further review, asserting that "an affidavit may always be used to impeach service and object to personal jurisdiction."[16] On the other side, in connection with asserting that Christian's affidavit failed to show lack of notice, Paw orally argued that Christian was served notice of the hearing when the clerk of the district court deposited the

---

[13] *Schaeffer v. Frakes*, 313 Neb. 337, 984 N.W.2d 290 (2023).

[14] *In re Estate of Walker, ante* p. 510, 997 N.W.2d 595 (2023).

[15] Brief for appellant at 18 (emphasis in original).

[16] Brief for appellant in support of petition for further review at 6.

order for hearing in the mail. She maintained that it made no difference if Christian ever received the order. We reject these positions.

[9,10] An affidavit is one mode by which testimony of witnesses may be taken.[17] But an affidavit is regarded as the least satisfactory mode of presenting testimony.[18] Affidavits are ordinarily not considered competent evidence because they are not subject to cross-examination, they combine facts and conclusions, and they often omit or distort important facts.[19] An affidavit is competent evidence where authorized by statute or where not objected to on proper grounds by the party against whom it is offered.[20] In the absence of statutory permission, an affidavit is not competent evidence, although made under oath, because it is hearsay.[21]

[11] Nebraska authorizes use of an affidavit for certain purposes. A statute specifically provides that "[a]n affidavit may be used to verify a pleading, to prove the service of a summons, notice or other process, in an action, to obtain a provisional remedy, an examination of a witness, a stay of proceedings, or upon a motion, and in any other case permitted by law."[22] This less satisfactory mode of presenting evidence is "'specially provided for to meet considerations of convenience or necessity.'"[23] Over a century ago, we remarked that "[t]he long-established practice has been to prove facts

---

[17] See Neb. Rev. Stat. § 25-1240 (Reissue 2016).

[18] 2A C.J.S. *Affidavits* § 57 (2023).

[19] See *id.*

[20] *Tanzola v. De Rita*, 45 Cal. 2d 1, 285 P.2d 897 (1955). See, also, *Vannier v. Superior Court*, 32 Cal. 3d 163, 650 P.2d 302, 185 Cal. Rptr. 427 (1982); *Rowan v. City and County of San Francisco*, 244 Cal. App. 2d 308, 53 Cal. Rptr. 88 (1966).

[21] *In re Estate of Horman*, 265 Cal. App. 2d 796, 71 Cal. Rptr. 780 (1968).

[22] Neb. Rev. Stat. § 25-1244 (Reissue 2016).

[23] *Swigart v. Swigart*, 115 N.E.2d 871, 875 (Ohio App. 1953), quoting *State v. Budd*, 65 Ohio St. 1, 60 N.E. 988 (1901).

necessary for the determination of motions by affidavit . . . ."[24] More recently, we iterated that under § 25-1244, an affidavit is admissible in motion practice, which includes the use of affidavits relating to preliminary, collateral, and interlocutory matters.[25]

As Christian observes, we have spoken on purposes for which an affidavit may be used. An affidavit may be used to attack or support the return of an officer on a summons in a revivor proceeding.[26] Thus, we have interpreted § 25-1244 to mean that an affidavit may be used to impeach an officer's return on the service of a summons.[27] We authorized use of an affidavit in a hearing on a special appearance to prove or disprove the factual basis for a court's assertion or exercise of personal jurisdiction over a defendant.[28] In doing so, we explained that a special appearance was preliminary and collateral to determining the merits of an action.[29] We also authorized use of an affidavit in connection with a motion for attorney fees under Neb. Rev. Stat. § 76-726 (Reissue 2018), stating that such a motion is a collateral matter.[30]

Here, the bases of the motion to vacate—lack of service and lack of personal jurisdiction—are collateral and preliminary to whether Christian is an abuser as claimed in the underlying petition for a protection order. Thus, Christian was authorized to use an affidavit at the hearing on the motion.

---

[24] *Hamer v. McKinley-Lanning Loan & Trust Co.*, 52 Neb. 705, 707, 72 N.W. 1041, 1041 (1897).

[25] See, *Cullinane v. Beverly Enters. - Neb.*, 300 Neb. 210, 912 N.W.2d 774 (2018); *TransCanada Keystone Pipeline v. Nicholas Family*, 299 Neb. 276, 908 N.W.2d 60 (2018).

[26] See *Johnson v. Carpenter*, 77 Neb. 49, 108 N.W. 161 (1906).

[27] See *Erdman v. National Indemnity Co.*, 180 Neb. 133, 141 N.W.2d 753 (1966).

[28] *Williams v. Gould, Inc.*, 232 Neb. 862, 443 N.W.2d 577 (1989).

[29] See *id.*

[30] *TransCanada Keystone Pipeline v. Nicholas Family, supra* note 25.

But we do not understand this authority to mean that the rules of evidence do not apply to an affidavit submitted under § 25-1244. That statute specifies that "[a]n affidavit may be used,"[31] but it does not mandate the affidavit's admission into evidence. Nor does a statute exempt such an affidavit from the rules of evidence. Neb. Rev. Stat. § 27-101 (Reissue 2016) provides that the Nebraska Evidence Rules "govern proceedings in the courts of [this state], except to the extent and with the exceptions stated in [Neb. Rev. Stat. §] 27-1101 [(Reissue 2016)]." Relevant to the facts of this case, the latter statute instructs that the Nebraska Evidence Rules apply to district courts[32] and that they apply generally to all civil proceedings.[33] Section 27-1101(4), which identifies situations in which the rules of evidence do not apply, does not include a hearing on a motion to vacate.

[12] A statute such as § 25-1244 allowing an affidavit to be used upon a motion is general, and it leaves to the discretion of the trial judge whether it is appropriate to receive the affidavit into evidence.[34] Because we allow use of affidavits with respect to collateral matters and disallow their use to prove facts material to the issue in the case, the hearsay nature of the affidavit is typically of no import. In *TransCanada Keystone Pipeline v. Nicholas Family*,[35] we upheld the admission of the affidavits with respect to attorney fees even though it was "'beyond question'" that they contained hearsay. And we have explained that by allowing an affidavit to prove the service of a summons, notice, or other process in an action, § 25-1244 "avoids problems relating to same with

---

[31] § 25-1244.

[32] See Neb. Rev. Stat. § 27-1101(1) (Reissue 2016).

[33] See § 27-1101(2).

[34] See *Swigart v. Swigart, supra* note 23 (interpreting statute now codified at Ohio Rev. Code Ann. § 2319.03 (Anderson 2001)).

[35] *TransCanada Keystone Pipeline v. Nicholas Family, supra* note 25, 299 Neb. at 283, 908 N.W.2d at 66.

reference to the 'hearsay' rule."[36] Thus, statements within an affiant's personal knowledge generally should be admitted. But the inclusion of statements otherwise excludable may affect an affidavit's admissibility. We cannot say that a trial court abuses its discretion by sustaining a hearsay objection to statements of third parties or to other averments not falling within a hearsay exception.

We recall the specific objection and ruling at the hearing on the motion to vacate. Paw objected to the entire exhibit—the affidavit and attachment—on the grounds of hearsay and foundation. She elaborated:

> On the original affidavit that was filed with this Court, no email address is contained on this USPS alleged proof that he didn't get service. And now, all of the sudden, he has an affidavit that shows that email address. He wouldn't have foundation to testify to that. And it, certainly, is hearsay.

The court stated that it was unaware of any authority refusing to apply the rules of evidence to the proceeding and then it sustained the hearsay objection.

The district court's corresponding written order expanded on the foundational objection. It stated that Paw objected that the affidavit was hearsay, that the affidavit did not lay foundation for the attachment, and that the attachment was altered and that the court "sustained the objections." According to the order, Christian's argument "did not address the foundational issue with the attachment to the affidavit (or [Paw's] argument the attachment was altered)" and that "even if the affidavit was received, the most it could show was that when [Christian] checked his mail in the afternoon of January 30, 2023, the order for hearing was in his mail."

Thus, the critical question is whether the exhibit was partly admissible and partly inadmissible. Christian's statements

---

[36] *Anderson v. Autocrat Corp.*, 194 Neb. 278, 286, 231 N.W.2d 560, 565 (1975).

based on his personal knowledge could be properly admitted, but hearsay statements of another could be properly excluded.

Our case law demonstrates that the trial court has vast discretion in such a situation and that any error generally will not be reversible. Two rules exist, depending on whether the court overrules or sustains an objection.

Christian relies on the rules that it is not error to overrule an objection which is in part valid and in part invalid[37] and that an objection to an exhibit as a whole is properly overruled where a part of the exhibit is admissible.[38] But here, the court did not overrule the objection.

[13] Christian fails to cite the rule that when part of an exhibit is inadmissible, a trial court has discretion to reject the exhibit entirely or to admit the admissible portion.[39] Because it is the proponent's responsibility to separate the admissible and inadmissible parts when offering evidence, an appellate court will ordinarily uphold a court's exclusion of an exhibit if the proponent did not properly limit its offer to the part or parts that are admissible.[40]

The portion of the email stating that it was transmitted on January 30, 2023, at 7:24 a.m. and that "[y]ou have mail and packages arriving soon" and depicting the image of an envelope from the clerk was hearsay. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.[41] It was a statement made by someone other than Christian. The affidavit stated that the email was attached "[a]s further proof that [Christian] did not receive [the notice of hearing] until it was too late." Thus, it was offered

---

[37] *State v. Merrill*, 252 Neb. 736, 566 N.W.2d 742 (1997).

[38] *Id.* See, also, *State v. Matteson*, 313 Neb. 435, 985 N.W.2d 1 (2023).

[39] *In re Guardianship of Jill G.*, 312 Neb. 108, 977 N.W.2d 913 (2022); *Arens v. NEBCO, Inc.*, 291 Neb. 834, 870 N.W.2d 1 (2015).

[40] *In re Guardianship of Jill G., supra* note 39.

[41] Neb. Rev. Stat. § 27-801(3) (Cum. Supp. 2022).

to prove the truth of the matters asserted in the email—the date and time of transmission, that Christian had mail arriving soon, and that the mail consisted in part of an envelope from the clerk of the district court. Christian cited no hearsay exception to the district court. On appeal, his initial brief cited to Neb. Rev. Stat. § 27-803(8) (Cum. Supp. 2022), which excepts,

> [u]pon reasonable notice to the opposing party prior to trial, records, reports, statements, or data compilations made by a public official or agency of facts required to be observed and recorded pursuant to a duty imposed by law, unless the sources of information or the method or circumstances of the investigation are shown by the opposing party to indicate a lack of trustworthiness.

We are not persuaded that Christian's affidavit established that the U.S. Postal Service was required by law to provide the email service of "'USPS Informed Delivery.'" Thus, we cannot say that Christian met his burden of establishing the elements of the hearsay exception. It necessarily follows that this portion of the exhibit was inadmissible.

Because part of Christian's affidavit was inadmissible, the burden rested on him to offer only the admissible portion. He did not do so. We find no reversible error.

We are not unmindful that Christian did not participate in the hearing at which the protection order was affirmed. But we also recognize that his posthearing affidavit did not attempt to show that he was prejudiced by the mailed notice—the affidavit wholly failed to set forth any of his personal knowledge regarding the events leading to the protection order. In the absence of any such showing, we limit our consideration to his assigned errors.

## CONCLUSION

Our conclusion is based on somewhat different reasoning than that of the Court of Appeals. Nonetheless, we determine that the judgment of the appellate court—affirming the judgment of the district court—was correct.

Affirmed.