Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/15/2024 09:08 AM CST

BRIAN HERMAN AND SKYLER HERMAN, APPELLANTS,
v. PETER TONN ENTERPRISES, LLC, DOING BUSINESS
AS I39 SUPPLY, A WISCONSIN LIMITED
LIABILITY COMPANY, APPELLEE.

___ N.W.3d ___

Filed November 15, 2024.    No. S-23-929.

1. **Jurisdiction.** When a jurisdictional question does not involve a factual dispute, the issue is a matter of law.
2. **Judgments: Appeal and Error.** An appellate court reviews questions of law independently of the lower court's conclusion.
3. **Jurisdiction.** One who invokes the power of the court on an issue other than the court's jurisdiction over one's person makes a general appearance so as to confer on the court personal jurisdiction over that person.
4. **Jurisdiction: Pleadings: Parties.** A party will be deemed to have appeared generally if, by motion or other form of application to the court, he or she seeks to bring its powers into action on any matter other than the question of jurisdiction over that party.

Appeal from the District Court for Nance County, RACHEL A. DAUGHERTY, Judge. Reversed and remanded for further proceedings.

Jared J. Krejci, of Smith, Johnson, Allen, Connick & Hansen, for appellants.

Joel E. Carlson, of Stratton, DeLay, Doele, Carlson, Buettner & Stover, P.C., L.L.O., for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

Papik, J.

Brian Herman and Skyler Herman sued Peter Tonn Enterprises, LLC, a Wisconsin limited liability company doing business as I39 Supply (I39 Supply), for breach of contract. The Hermans alleged that they agreed to buy a livestock trailer from I39 Supply, but I39 Supply failed to honor the agreement. The district court dismissed the Hermans' action, finding that it lacked personal jurisdiction over I39 Supply. The Hermans now appeal, arguing that I39 Supply waived its personal jurisdiction defense through actions it took in the district court proceedings. Because we agree that I39 Supply made a general appearance that conferred on the district court personal jurisdiction over I39 Supply, we reverse the order of dismissal and remand the cause for further proceedings.

BACKGROUND

*Hermans Sue I39 Supply and*
*Obtain Default Judgment.*

This case began when the Hermans sued I39 Supply. The Hermans' complaint alleged that I39 Supply agreed to sell the Hermans a livestock trailer for $26,000 and that the parties agreed that I39 Supply would deliver the trailer to the Hermans at a meeting place approximately halfway between the Hermans' residence in Nance County, Nebraska, and I39 Supply's principal office in Portage, Wisconsin. According to the complaint, however, I39 Supply later informed the Hermans that it would not sell the trailer at the agreed-upon price, due to increased manufacturing costs. The complaint asserted a single cause of action for breach of contract.

The Hermans elected to serve I39 Supply by sending a summons and a copy of the complaint to I39 Supply's owner and registered agent, Peter Tonn, via certified mail. When I39 Supply subsequently failed to respond to the complaint, the Hermans filed a motion for default judgment, and the matter was set for a hearing.

In the weeks leading up to the default judgment hearing, Tonn, who is not an attorney, sent documents to the district court. One document was signed by Tonn and responded to allegations in the Hermans' complaint regarding the alleged agreement regarding the trailer. In another document signed by Tonn, he requested to appear by telephone at the upcoming hearing. Another document attached screenshots of text messages between the Hermans and an I39 Supply employee.

At the hearing on the motion for default judgment, Tonn participated by telephone. He claimed that the document he sent to the district court in which he responded to the Hermans' allegations was an answer and that the district court should therefore deny the motion for default judgment.

The district court granted the motion for default judgment. It ruled that I39 Supply was properly served and had failed to answer the complaint. The district court explained that the document sent by Tonn could not be treated as an answer because Tonn could not, as a nonlawyer, represent a limited liability company. The district court entered a $19,000 judgment in favor of the Hermans.

*I39 Supply Successfully Vacates*
*Default Judgment.*

Weeks later, I39 Supply, now represented by counsel, filed a motion to vacate the default judgment. The motion asserted that Tonn had attempted to represent I39 Supply, that the district court had ruled that Tonn's filing was not a proper responsive pleading, that Tonn was unaware that he could not represent I39 Supply, and that I39 Supply's failure to answer "was not due to indifference or want of diligence." The motion did not assert that the district court lacked personal jurisdiction over I39 Supply or mention any other defenses to the Hermans' complaint.

At a hearing on the motion to vacate the default judgment, the district court received into evidence an affidavit by Tonn which stated, among other things, that I39 Supply had no

personnel or property in Nebraska, that defending a cause of action in Nebraska would be burdensome on I39 Supply, and that there was no written contract selecting Nebraska as the forum state for the dispute. Then, during argument at the hearing, counsel for I39 Supply suggested that the district court may lack personal jurisdiction over I39 Supply, stating, "We believe . . . there are some potential meritorious defenses here; possibly a personal jurisdiction issue . . . ." Counsel for I39 Supply also suggested that the parties may not have entered into an enforceable contract.

The district court granted I39 Supply's motion to vacate the default judgment and set the matter for a pretrial conference. In its order vacating the default judgment, the district court stated that I39 Supply had set forth a potentially meritorious defense that a contract was not reached.

*Additional Motions.*

About a week before the pretrial conference was scheduled to occur, I39 Supply filed a motion for leave to file a responsive pleading out of time. The motion did not mention a personal jurisdiction defense. After the district court granted the motion to file a responsive pleading out of time, I39 Supply filed a motion to dismiss the Hermans' complaint pursuant to Neb. Ct. R. Pldg. § 6-1112(b). The motion to dismiss listed several grounds for dismissal, including lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief could be granted.

After a hearing, the district court entered an order dismissing the action on the grounds that it lacked personal jurisdiction over I39 Supply. The district court rejected the Hermans' argument that I39 Supply had waived its personal jurisdiction defense. The district court then concluded that I39 Supply did not have sufficient contacts with Nebraska to justify the exercise of personal jurisdiction over it.

The Hermans appealed the district court's order dismissing the complaint.

## ASSIGNMENT OF ERROR

The Hermans assign that the district court erred by determining that I39 Supply had not waived its right to assert a personal jurisdiction defense.

## STANDARD OF REVIEW

[1,2] When a jurisdictional question does not involve a factual dispute, the issue is a matter of law. *Paw K. v. Christian G.*, 315 Neb. 781, 1 N.W.3d 467 (2024). An appellate court reviews questions of law independently of the lower court's conclusion. *Id.*

## ANALYSIS

Although the Hermans argue that their action should not have been dismissed, they do not challenge the district court's conclusion that I39 Supply lacked sufficient contacts with Nebraska to justify the exercise of personal jurisdiction over it. The Hermans instead argue that because I39 Supply waived the right to assert a personal jurisdiction defense, the district court should not have even entertained I39 Supply's arguments that it lacked sufficient contacts with Nebraska.

According to the Hermans, I39 Supply took actions both before and after it retained counsel that amounted to a general appearance that had the effect of waiving its right to assert a personal jurisdiction defense. The Hermans contend that the documents Tonn sent to the district court prior to I39 Supply's retention of counsel constituted a general appearance, notwithstanding the fact that they were filed by a nonlawyer who could not represent a limited liability company. The Hermans also argue that I39 Supply made a general appearance when, after retaining counsel, it filed a motion to vacate the default judgment that did not mention a personal jurisdiction defense. The Hermans also argue that I39 Supply's motion to file a responsive pleading out of time amounted to a general appearance.

As explained in more detail below, we find that I39 Supply made a general appearance when it filed its motion to vacate

the default judgment and that this conferred on the district court personal jurisdiction over I39 Supply.

*Motion to Vacate Default Judgment*
*Was General Appearance.*

In support of their argument that I39 Supply's motion to vacate the default judgment was a general appearance, the Hermans primarily rely upon a recent decision of this court, *Paw K., supra*. We agree with the Hermans that under that case, I39 Supply's motion to vacate the default judgment qualifies as a general appearance.

In *Paw K., supra*, a petitioner obtained an ex parte domestic abuse protection order against the father of her child. The district court then notified the father that if he wished to contest the ex parte order, he needed to complete and submit a form for requesting a hearing and return it to the district court. Shortly thereafter, the father returned the completed form but made no mention of an objection to the ex parte order based on a lack of personal jurisdiction. The district court then scheduled a hearing, but the father did not appear. The district court affirmed the ex parte order. When the father later sought to vacate the order, the district court overruled the motion. The Nebraska Court of Appeals affirmed. See *Paw K. v. Christian G.*, 32 Neb. App. 317, 997 N.W.2d 84 (2023).

We granted a petition for further review and also affirmed. Among the arguments we addressed was the father's contention that the district court lacked personal jurisdiction over him. We found that by filing the form requesting a hearing, the father made a general appearance that conferred on the district court personal jurisdiction over him.

[3,4] Citing recent decisions of this court, we summarized the law concerning general appearances as follows:

One who invokes the power of the court on an issue other than the court's jurisdiction over one's person makes a general appearance so as to confer on the court personal jurisdiction over that person. A party will be

deemed to have appeared generally if, by motion or other form of application to the court, he or she seeks to bring its powers into action on any matter other than the question of jurisdiction over that party.

*Paw K. v. Christian G.*, 315 Neb. 781, 787, 1 N.W.3d 467, 474 (2024).

We found that by filing the form requesting a hearing, the father sought to invoke the court's powers on a matter other than personal jurisdiction, i.e., the merits of whether a protection order should have been entered. In response to the father's argument that he could contest the ex parte protection order only by filing the request for hearing form, we explained that nothing prevented the father from "endorsing the form to limit his request to one addressing only jurisdiction." *Id.*

We agree with the Hermans that this case bears striking similarities to *Paw K., supra*. The father in *Paw K.* filed a form requesting that the district court hold a hearing on the issue of whether a protection order should remain in place but did not avail himself of the opportunity to note an objection based on a lack of personal jurisdiction. I39 Supply filed a motion requesting that the district court vacate a default judgment but did not avail itself of the opportunity to mention the lack of personal jurisdiction as a reason why the default judgment should be vacated. The filings in *Paw K.* and this case both generally invoked the power of the court and sought relief from an existing order or judgment without mentioning a lack of personal jurisdiction as a basis for that relief. Such filings amount to a general appearance that confers personal jurisdiction on the court. As we stated in *Paw K.*, a party makes a general appearance if "by motion or other form of application to the court, he or she seeks to bring its powers into action on any matter other than the question of jurisdiction over that party." 315 Neb. at 787, 1 N.W.3d at 474.

*Counterarguments of I39 Supply Lack Merit.*

I39 Supply resists the conclusion that its motion to vacate the default judgment amounted to a general appearance that

conferred on the district court personal jurisdiction over it. I39 Supply argues a different case from this court, *Applied Underwriters v. Oceanside Laundry*, 300 Neb. 333, 912 N.W.2d 912 (2018), is more applicable and that, under the rationale set forth in that case, it did not waive the right to assert a personal jurisdiction defense. It also makes a more general argument that its motion to vacate the default judgment was not sufficiently "defensive" or "aggressive" to waive a personal jurisdiction objection. Brief for appellee at 18. We address both arguments below, beginning with I39 Supply's argument based on *Applied Underwriters, supra*.

In *Applied Underwriters*, a plaintiff alleging breach of contract filed a motion for default judgment after the defendant failed to file a responsive pleading. At a hearing on the motion for default judgment, counsel for the defendant alleged improper service of process and objected to an exhibit that listed amounts allegedly owed under the contract on the grounds that the amounts may not be accurate. The district court entered a default judgment. At a subsequent hearing for its motion to vacate the default judgment, the defendant argued that the default judgment should be set aside for multiple reasons, including that the district court did not have personal jurisdiction over the defendant and that the contract was void. The district court overruled the motion to vacate the default judgment, and the defendant appealed.

On appeal, this court concluded that the actions of the defendant's counsel at the hearing on the motion for default judgment resulted in a general appearance that waived the defendant's right to object to service of process. This court also said, however, that those same actions did not "waive the issue of personal jurisdiction insofar as it relates to [the defendant's] amenability to process issued by a Nebraska court." *Id.* at 339, 912 N.W.2d at 918.

I39 Supply argues that, under *Applied Underwriters*, its motion to vacate the default judgment did not waive its right to claim that the district court lacked personal jurisdiction over

it. Having reviewed our decision in *Applied Underwriters*, however, we believe it was based on an incorrect interpretation of a statute.

In *Applied Underwriters*, our conclusion that the defendant made a general appearance but had not waived the right to contend that it was not amenable to process issued by a Nebraska court was based on Neb. Rev. Stat. § 25-516.01(2) (Reissue 2016). We said that subsection stated that

> participation in the proceedings on any issue other than the defenses of lack of jurisdiction over the person, insufficiency of process, or insufficiency of services of process, waives all such issues except as to the objection that the party is not amenable to process issued by a court of this state.

*Applied Underwriters v. Oceanside Laundry*, 300 Neb. 333, 338, 912 N.W.2d 912, 917 (2018).

We then asserted that "[c]onsequently, a party may waive objections to personal jurisdiction based on defective service of process while retaining objections to personal jurisdiction based on amenability to service of process by a court of this state." *Id.* at 339, 912 N.W.2d at 917-18.

Our summary in *Applied Underwriters* of what § 25-516.01(2) provided did not adhere to the precise language of the statute. At that time, § 25-516.01(2) provided, in relevant part:

> (2) A defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process may be asserted only under the procedure provided in the pleading rules adopted by the Supreme Court. . . . If any of those defenses are asserted either by motion or in a responsive pleading *and the court overrules the defense*, an objection that the court erred in its ruling on any issue, except the objection that the party is not amenable to process issued by a court of this state, *will be waived and not preserved for appellate review* if the party asserting the defense thereafter participates in proceedings on any issue other than those defenses.

(Emphasis supplied.)

Section 25-516.01(2) was amended in 2019 so that the exception for an "objection that the party is not amenable to process issued by a court of this state" was replaced with "an objection to the court's ruling on personal jurisdiction." 2019 Neb. Laws, L.B. 308, § 2.

As illustrated by the portions of the statute emphasized above, neither the version of § 25-516.01(2) in effect at the time of that decision nor the version in effect today sets forth a comprehensive rule identifying what defenses are waived if a general appearance is made. Instead, § 25-516.01(2), both at the time *Applied Underwriters* was decided and today, addresses the more specific situation of what defenses are preserved for appellate review if the court overrules a defense based on lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process and the party making that objection thereafter participates in the proceedings on other issues. See, also, John P. Lenich, Nebraska Civil Procedure § 11:26 at 629 (2024) (explaining § 25-516.01 "does not address the issue of whether a party has made an appearance" but "instead addresses the issue of whether a party may preserve for appeal objections to personal jurisdiction and service that were properly raised pursuant to Rule § 6-1112 but rejected by the trial court").

In this case, the district court did not overrule an objection based on lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process. Accordingly, § 25-516.01(2) does not apply, and I39 Supply's reliance on *Applied Underwriters* is unavailing.

As noted above, I39 Supply also argues that its actions in the district court were not sufficiently defensive or aggressive to amount to a waiver of a personal jurisdiction defense. In support of this argument, I39 Supply compares its actions to those of a party found to have made a general appearance in *Burns v. Burns*, 293 Neb. 633, 879 N.W.2d 375 (2016), and contends that its motion to vacate the default judgment was of a different character. I39 Supply argues that its motion to

vacate the default judgment sought only to "restore the litigation to a status quo position" and thus should not be found to have waived a personal jurisdiction defense. Brief for appellee at 18.

Under our case law, however, a party need not exceed some threshold of defensiveness or aggression in order to make a general appearance. To the contrary, as we have discussed, a party will be deemed to have appeared generally if, by motion or other form of application to the court, he or she seeks to bring its powers into action on any matter other than the question of jurisdiction over that party. *Burns v. Burns, supra*. And, we have emphasized that "[i]t does not take much to make a general appearance." *Id.* at 642, 879 N.W.2d at 383. Because I39 Supply sought to bring the district court's powers into action on a matter other than the district court's jurisdiction over it, it made a general appearance.

We are aware that a commentator has opined that the Legislature effectively abolished the law of general appearances when it amended § 25-516.01 in 2002. See Lenich, *supra* at 627 (stating that when Legislature "abolished special appearances in 2002 [by repealing] the subsection of § 25-516.01 that governed them," Legislature "also abolished general appearances—or at least the type of appearances that were historically classified as general appearances"). This court, however, has on several occasions applied the law of general appearances after the 2002 statutory amendments. See, e.g., *Paw K. v. Christian G.*, 315 Neb. 781, 1 N.W.3d 467 (2024); *In re Estate of Marsh*, 307 Neb. 893, 951 N.W.2d 486 (2020); *Burns v. Burns, supra*; *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015). And, in this case, counsel for I39 Supply acknowledged at oral argument that I39 Supply was not contending that recent cases from this court finding that a party waived objections by making a general appearance should be overruled. I39 Supply instead attempted to distinguish those cases. In the absence of an argument by a party that the 2002

statutory amendments abrogated the law of general appearances, we decline to consider that issue today.

Because we find that I39 Supply made a general appearance through its motion to vacate the default judgment, we do not consider the Hermans' arguments that I39 Supply waived its personal jurisdiction defense through other actions in the district court.

## CONCLUSION

Through its motion to vacate the default judgment, I39 Supply made a general appearance and thereby conferred on the district court personal jurisdiction over it. The district court thus erred in dismissing the Hermans' complaint on the grounds that it lacked personal jurisdiction over I39 Supply. Accordingly, we reverse the order of dismissal and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.